IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ERA HELICOPTERS, LLC, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-CV-678 |
| | § | |
| TURBOMECA, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

This case arises out of an emergency water landing and eventual capsize of a helicopter operated by Plaintiff Era Helicopters ("Era"), manufactured by Defendant Eurocopter, and powered by an engine manufactured by Defendant Turbomeca. Now before the Court is Turbomeca's Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer to the Western District of Louisiana. Eurocopter has joined in the Motion, and Plaintiffs Era and United States Aviation Underwriters, Inc. have responded in opposition. For the reasons outlined below, Defendants' Motion to Transfer is **GRANTED**, and its Motion to Dismiss is **DENIED AS MOOT**.[1]

## I. Background

The incident underlying this action occurred off the coast of Louisiana on or about May 13, 2005 when the helicopter lost engine power and the pilot made a relatively successful water landing. At the time of the incident, the helicopter was carrying the pilot and one passenger. On May 10, 2006, the passenger, Terrance Boutte, filed a

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

lawsuit against Era and Turbomeca in the Western District of Louisiana.  On October 3, 2006, Turbomeca filed a declaratory judgment action against Era to determine liability. That case was also filed in the Western District of Louisiana, and the two cases were ultimately joined by the Honorable Tucker Melancon.  Despite the pendancy of the two Louisiana actions, Era decided to file a lawsuit against Turbomeca in this Court.

## II.  Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a).[2]  The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow. Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on defendant to demonstrate why the forum should be changed.").  In determining whether a venue transfer is warranted, the Court considers both "private and public factors, none of which are given dispositive weight."  *In re Volkswagen of Am., Inc.*, 371 F.3d 201, 203 (5th Cir. 2004).  The private concerns include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditions and inexpensive.  The public concerns includes: (1) the administrative difficulties flowing from court

---

[2] Defendants moved to dismiss or transfer the case based on improper venue under 28 U.S.C. § 1406(a) and also pursuant to 28 U.S.C. § 1404(a).  Though this case could likely be transferred under either analysis, the Court makes § 1404(a) the basis of its decision.  Having decided that § 1404(a) provides a basis for transfer, it is unnecessary to consider the application of § 1406(a).

congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws o[r] the application of foreign law." *Id.* The plaintiff's choice of forum is generally entitled to great deference unless the plaintiff is not a resident of the forum or the operative facts underlying the action occurred elsewhere. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

## III. Analysis

### 1. Private Factors

#### A. Ease of Access to Sources of Proof

Since this case occurred in Louisiana and involves foreign and Louisiana corporations, the Court cannot fathom that there are any sources of proof that would be more easily accessed here. The Parties have not given any indication otherwise. This factor weighs in favor of transfer.

#### B. Availability and Cost of Obtaining Attendance of Key Witnesses

The private concerns in this case all favor transfer to the Western District of Louisiana. Key fact witnesses in this case include the pilot and the passenger of the helicopter in question. The passenger lives in Louisiana, and the pilot, though a resident of Florida, often works out of Louisiana. Additionally, there may be other fact witnesses who were aboard the vessel that rescued the helicopter pilot and passenger. Those witnesses were working aboard vessels which have their home-ports in Louisiana. The

Court expects that there will be other witnesses to testify about the design and manufacture of the engine in question. Those witnesses will likely be employees of the Parties or retained experts, so they can be compelled to testify either here or in Louisiana. There is not a single witness who lives or works closer to this District than to the Western District of Louisiana. Accordingly, it will be cheaper and more convenient for witnesses to testify in Louisiana than in Galveston.

The convenience of the Parties will likely remain unaffected by a transfer. Defendants are both based in France, and Plaintiff, though based in Louisiana, has chosen to bring its case here. The Court must assume that Plaintiff does not find it inconvenient to travel here. Even so, the Court finds that this factor weighs in favor of transfer.

### C.  Other Practical Problems

Other than the issues already discussed, the Court does not find that there are any additional private factors weighing either for or against transfer.

### 2.  Public Factors

### A.  Administrative Difficulties Flowing From Court Congestion

There is already extensive litigation pending regarding the incident made the basis of this action. All of that litigation has been progressing in the Western District of Louisiana, and to allow this lawsuit to remain here would increase the burden to the Court system as a whole. This is especially true when one of the Judiciary's most able jurists is already engrossed with the facts and law surrounding this dispute. Judge Melancon is exceedingly well-equipped to handle this case as well as the others. To bring this Court into the controversy at this point would be inefficient and likely counterproductive. This factor weighs strongly in favor of transfer.

### B.  Local Interest

There is absolutely no connection between this case and this Division, and there is no local interest in having this case decided here.  This factor weighs in favor of transfer.

### C.  Familiarity With Applicable Law

Maritime law is applicable to this case, and both this Division and the Western District of Louisiana are equally equipped to handle its application.  This factor does not weigh for or against transfer.

### D.  Avoidance of Conflict of Law Issues

This factor is inapplicable to this case.

### 3.  Plaintiff's Choice of Forum

Since Plaintiff is not a resident of this District, and this case has nothing to do with this District, Plaintiff's choice of forum is entitled to little deference.  While the Court is flattered by Plaintiff's desire to pursue its claims here, the Court finds that Plaintiff's choice does not support retention of this case when every other applicable factor weighs in favor of transfer.

## IV.  Conclusion

For the reasons outlined above, Defendants' Motion to Transfer is **GRANTED**, and this case is **TRANSFERRED** to the Western District of Louisiana, Lafayette Division.  Accordingly, Defendants' Motion to Dismiss is **DENIED AS MOOT**.  All Parties are to bear their own costs, expenses, and attorneys' fees incurred herein to date. Any other pending Motions are left to the discretion of the transferee court.

**IT IS SO ORDERED.**

**DONE** this 26th day of April, 2007 at Galveston, Texas.


Samuel B. Kent
United States District Judge